**Jacqueline S. ELKIN, Plaintiff,**

v.

**Richard ROUDEBUSH, Administrator of Veterans Affairs, et al., Defendants.**

**No. 75–566 C(2).**

United States District Court,
E. D. Missouri, E. D.

Nov. 8, 1976.

Francis L. Ruppert, Clayton, Mo., Toby H. Hollander, St. Louis, Mo., for plaintiff.

Asst. U. S. Atty., William G. Cole, St. Louis, Mo., for defendants.

MEMORANDUM AND ORDER

REGAN, District Judge.

This matter is before the Court on defendants' motion to dismiss, or in the alternative, for summary judgment in plaintiff's Fifth Amendment action. Having considered all of plaintiff's arguments and evidence presented in affidavit and deposition, we believe that no genuine issue of material fact remains to be decided.

Plaintiff applied for the position of psychiatric nurse at Jefferson Barracks Veterans Administration Hospital. On September 3, 1974, she received a temporary 90-day

appointment pending processing of her credentials by the Professional Standards Board. According to the Hospital Personnel Director the three necessary credentials were: satisfactory reference check, successful physical examination and state registry. Although plaintiff allegedly met these three conditions, the Standards Board did not convene in time to consider her appointment before her 90-day term had expired. On December 2, 1974, therefore, her temporary status was extended by a second 90-day appointment. It was near the end of this second term that plaintiff was informed that, based on a critical evaluation of her performance, she would receive no further appointment. No hearing was accorded her by the hospital.

Plaintiff alleges that the extension of her temporary appointment and her dismissal without a hearing violated her Fifth Amendment right to due process, and constituted a breach of defendants' promise to hire her.

We disagree. First, we find that defendants justifiably postponed convening the Professional Standards Board until after December 2, 1974. It did so because plaintiff's references were not received until November 19, less than two weeks before her 90-day term was to expire. Section 4114(3)(A) of Title 38, provides for extension of temporary status of an employee awaiting permanent employment where it is impracticable to obtain necessary services through a Section 4104 appointment. According to the testimony of James Crews, Personnel Director, it *was* impracticable to convene the Board (which consisted of working nurses) on such short notice, and therefore to process her appointment in the normal fashion. Deposition of James Crews, p. 26. Inasmuch as plaintiff did not submit all of her references till over 2½ months after they were requested, she had no right to demand that the Board convene within two weeks. We find, therefore, that plaintiff was properly retained in a temporary appointment for a second 90-day term.

Plaintiff also claims that she was entitled to a hearing on the issue of her discharge, which, she claims, amounted to a dismissal for cause, and has impeded her ability to obtain other employment. She argues that since she has met all conditions of her employment except that within defendants' control, she was entitled to a hearing such as that provided for permanent employees under 38 U.S.C. § 4106. Plaintiff, however, was in fact merely a temporary employee. Under 38 U.S.C. § 4114 we must conclude that she was not entitled to a hearing under any statutory provision. To hold otherwise would disturb Congress' purpose "to free the Veterans's Administration from some of the shackles that now, we think, act as an impediment and deterrent to the best medical service." 91 Congressional Record 11658 (1945, Testimony of Congressman Allen). As a temporary employee plaintiff held no liberty or property interest other than in her 90-day term. She therefore has been deprived of no interest which would entitle her to a hearing. See *Stretten v. Wadsworth Veterans Hospital*, 537 F.2d 361 (9 Cir. 1976).

Accordingly, IT IS HEREBY ORDERED that defendants' motion for summary judgment be and hereby is sustained.